RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 9 / 19 / 13

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| TOCAYS PAUL BIENVINIDO,<br>        Petitioner | CIVIL ACTION<br>1:13-CV-01528 |
| VERSUS | |
| ERIC HOLDER, et al.,<br>        Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by petitioner Tocays Paul Bienvinido ("Bienvinido") on June 3, 2013. Bienvinido, a native and citizen of Haiti, contests his continued detention since October 1, 2012, by the Immmigration and Customs Enforcement ("ICE") of the Department of Homeland Security, pending his removal from the United States pursuant to an October 1, 2012 final order of removal. At the time of filing his petition, Bienvinido was detained in the LaSalle Detention Facility in Trout, Louisiana. The sole relief requested by Bienvinido is release from custody pending his removal, pursuant to Zadvydas v. Davis, 533 U.S. 678,

121 S.Ct. 2491 (2001).[1]

In their response to the petition (Doc. Item 11), the Respondents show, through an affidavit by Lori Wilson, Acting Assistant Field Office Director of the ICE facility in Oakdale, Louisiana (Doc. 11, Ex.), that Bienvinido was released from ICE custody on July 11, 2013 pursuant to an order of supervision.

Since Bienvinido has been released and thus has achieved the sole relief requested in his habeas petition, Bienvinido's habeas petition has been rendered moot.[2]

---

[1] Although ICE has 90 days to remove an alien after he is ordered removed, 8 U.S.C. § 1231(a)(1)(A), the Supreme Court has held that Section 1231 permits the detention of criminal aliens beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States. Pursuant to Zadvydas, detention for up to six months after the removal order becomes final is "presumptively reasonable." Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491 (2001) ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention").

After six months, however, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for the detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." Zadvydas, 121 S.Ct. at 2505. "This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 121 S.Ct. at 2505.

[2] It is further noted that an order from this court mailed to Bienvinido on August 2, 2013 (Doc. Item 12), was returned to the Clerk of Court on August 13, 2012, stamped "Return to Sender. No Longer Here." Obviously, after Bienvinido was released, he

<u>Conclusion</u>

Based on the foregoing discussion, IT IS RECOMMENDED that the Respondents' motion to dismiss be GRANTED and that Bienvinido's habeas petition be DISMISSED AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL**

---

failed to provide the court of his new address. Local rule LR41.3W provides that the failure of a pro se litigant to keep the Court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the Court for the reason of an incorrect address and correction is not made to the address for a period of 30 days. Bienvinido's failure to inform the court of his address change within 30 days provides another ground for dismissal of his habeas petition.

**FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 19th day of September 2013.

                                          JAMES D. KIRK
                                          UNITED STATES MAGISTRATE JUDGE